CaRUTheRS, J.,
delivered the opinion of the court.
The defendant prosecuted the plaintiff for larceny. The magistrate discharged Jackson and taxed Baulston with the cost. This suit was then instituted for malicious prosecution, and a verdict recovered in the circuit court of Marion for $275.
The only question here made, which it is material to examine, is upon this part of the charge of his Honor, the circuit judge: “ To make out his defense, the prosecutor must establish, by direct evidence, that the felony charged in the warrant has been committed, and show facts and circumstances pointing to the plaintiff as the person who has committed the felony.”
It is not the law that in order to justify the institution of a criminal proceeding for felony, the prose- *133 eutor must be able to prove by direct evidence, that a felony was perpetrated, any more than that tbe person charged is the perpetrator. Circumstantial or presump^ five evidence will be sufficient on both points. Surely if conviction can be founded on the proof of circum- " stances, it shall not be required of one who has insti-1 tuted a prosecution and failed to sustain it, to do more ^ in making out his defense to an action of malicious \ prosecution, than to establish the corpus delicti by the same description of evidence. Direct and positive, as applied to evidence, are generally understood as con-vertable terms. The jury, under this charge, could not find for the defendant, unless he was able to prove, and that by direct or positive evidence, not circumstantial, though equally convincing to them, that the crime of larceny had been committed by some person. This was erroneous, and may have been fatal to the defense before the jury. The law on this point is, and should have been so charged by the judge, that if the jury found from the proof, that the defendant, at the time he instituted the prosecution, acted upon such a state of facts known to him, or derived from reliable information, as would induce a belief in the mind of a prudent, discreet man that the crime had been committed and by the person he was about to prosecute, he was not liable.
The question is not whether the defendant is really guilty, but was there good and reasonable grounds for the prosecutor to believe he was. This enquiry necessarily involves two points: first, as to the existence of the crime, and secondly, the connection of the defendant with it. There can certainly be no distinction in the *134 character or measure of evidence required to establish them. Instead of requiring direct evidence of the fact of the crime, it may certainly often hapjxen that no crime was in fact committed,- and yet the prosecutor justifiable, because of the existence of probable or reasonable grounds to believe the criminal act had been done, and by the accused. If men were not allowed f to act upon such grounds, crimes would often go unpunished for want of prosecutors. This action is only intended to apply to cases where a criminal accusation is made against an innocent man through malice, and in the absence of even a fair and reasonable probability of its truth. In such a case the criminal law is grossly abused for the most unworthy purposes, and condign punishment, in the way of damages, should be inflicted.
Judgment reversed and a new trial awarded.